**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Frederick Banks,** *et al.* | ) | **CASE NO. 1:15 CV 1935** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Kristen Valaluka,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Frederick Banks filed a civil rights action, which he attempts to characterize as a Petition for a Writ of Mandamus, on behalf of himself and River Silverberg. While Silverberg's name is on the pleading and *In Forma Pauperis* Application, the signatures purporting to be those of Silverberg are clearly those of Banks. He sues eleven Defendants which include the Director of the Central Intelligence Agency and Federal Bureau of Investigation, seeks class action certification, and requests monetary damages in the amount of Twenty-Eight Million Dollars.

### BACKGROUND

Banks is a notorious frequent filer who has had over 205 cases dismissed as frivolous at the pleading stage in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the District

of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.[1]  Of those cases, a third were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and two thirds were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g). When courts began to dismiss his civil actions under § 1915(g), Banks attempted to circumvent the statute by filing habeas petitions under 28 U.S.C. § 2241 or petitions for writs of mandamus to assert various civil rights violations.

Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent.  He filed motions to appear *ad hoc vice* as counsel for two criminal Defendants in Florida.  *United States v. Smith*, No. 0:91 cr 6159 (S.D. Fla. Apr. 14, 2008)   Both Defendants were represented by counsel and indicated to the court that they did not know Banks and did not solicit his representation.  Banks filed a Motion to Disqualify US Attorney's Office and to Dismiss in the criminal cases of Bernard Madoff and Rowland Washington Jadusingh, without consent of the Defendants. *See United States v. Madoff*, Case No. 09-cr-213 (S.D.N.Y. Mot. filed July 23, 2014)(Doc. No. 157); *United States v. Jadusingh*, Case No. 08-cr-009 (M.D. Fla. Mot. filed Aug. 12, 2014).  Both Motions were stricken by the Court.  Banks filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this District Court in the name of pretrial detainee, Dilshod Sidikov. *See Sidikov v. Pugh*, Case No. 4:14 CV 451 (N.D. Ohio May 15, 2014).  Banks printed Sidikov's name in the signature block.  *Id.* (ECF No. 1 at 8). Banks

also filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and *Bivens* civil rights action in the name of pretrial detainee Moishe Eanone Eayhen which nearly cost Mr. Eayohen a $350 filing fee, and interfered with his pending criminal case.

In fact, Banks's frivolous filings became so prolific that the Western District of Pennsylvania and the Eastern District of Arkansas took the extraordinary step of enjoining him from filing any additional actions without leave of court. The Western District of Pennsylvania indicated Plaintiff had filed at least 304 frivolous civil actions and appeals between November of 2004 and July 2013. *See Banks v. Unknown Named Number of U.S. Postal Inspectors*, No. 2:13-cv-1198 (W.D. Pa. Oct. 1, 2013).

**THREE STRIKE PROVISION OF 28 U.S.C. § 1915(g)**

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by Affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of

-3-

Appeals for the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).  Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Additionally, a Petition for Writ of Mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g), and as such, is counted toward the three strikes where the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action.  *See In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011);   *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v.  Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as Petitions for Mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (quoting  H.R. Conf. Rep. No. 104-378, at 166 (1995)).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury."  For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with

the Complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the Complaint when deciding whether a prisoner faces imminent danger).

## **ANALYSIS**

Plaintiff's captioning of his Complaint as a mandamus action does not defeat the application of the PLRA's prohibition on proceeding IFP in this action.  He alleges the FBI and the CIA were using mind reading technology to harass him; that an FBI agent charged him with using Craig's List to threaten and harass him; and that Allegheny Jail personnel will not provide him with all of the envelopes and postage he requests.  He seeks monetary damages.  His pleading is without a doubt a "Complaint," no matter what he titles it.  BLACK'S LAW DICTIONARY (9th ed. 2009) (defining Complaint as an "initial pleading that starts a civil action and states the basis for the Court's jurisdiction, the basis for the Plaintiff's claim, and the demand for relief."). *See e.g., Banks v. Warden, FPC Cannan*, No. 11–668, 2011 WL 1542132, at *1 n. 2 (M.D. Pa. April 21, 2011) ("Although styled as a 'Complaint for a Writ of Mandamus' it is clear that Plaintiff is initiating a civil action."); *Banks v. Sager*, No. 11–741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); *Banks v. Lappin*, No. 08–152, 2008 WL 2874193 (D.D.C. July 25, 2008) (vacating grant of IFP to Plaintiff in a proceeding Plaintiff captioned as a Mandamus Petition, rejecting that characterization, stating: "[I]t would defeat the

purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a Petition for Mandamus or Prohibition or by joining it with a Petition for Habeas Corpus." (quoting *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997)).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed his Complaint.  Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10–cv–231, 2010 WL 1027897, at * 2–3 (W.D. Mich. Mar. 18, 2010).  In this case, Banks does not allege facts that would suggest he is in imminent danger of physical harm.  His Application to Proceed *In Forma Pauperis* is denied.

Furthermore, Banks cannot defeat the three-strikes provision of § 1915(g) by adding another Plaintiff to his Complaint.  First, there are no allegations in the pleading which pertain to Silverberg.  Second, it is apparent that Banks, not Silverberg, prepared and signed the Application to Proceed *In Forma Pauperis*.  Banks, however, is not an attorney and cannot represent anyone is court.  A party may plead and conduct his or her case in person or through a licensed attorney.  See 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  An adult litigant who wishes to proceed *pro se* must personally sign the Complaint or Petition to invoke this Court's jurisdiction.  See 28 U.S.C. § 1654.  Banks cannot sign any pleadings, motions, or applications for any other litigants.

### **CONCLUSION**

Accordingly, Banks's Application to Proceed *In Forma Pauperis* is denied pursuant to 28 U.S.C. § 1915(g) and this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

 IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
 PATRICIA A. GAUGHAN
 United States District Judge

Dated: 11/18/15




----------------------------------------

1. Cases filed by Banks which were dismissed as frivolous, malicious or failed to state a claim under 28 U.S.C. § 1915(e); were dismissed under the three strikes provision of 28 U.S.C. § 1915(g); or were dismissed because they were civil rights actions filed inappropriately as bankruptcy appeals or habeas petitions under 28 U.S.C. § 2241:

 Northern District of Ohio: *Banks v. Action Software*, No. 1:07 CV 930, (N.D. Ohio July 9, 2007)(§ 1915(e)); *Banks v. Scarsborough*, No. 4:13 CV 170 (N.D. Ohio Mar. 29, 2013)(§1915(g)); *Banks v. Pugh*, 4:13 CV 335 (N.D. Ohio Aug. 7, 2013)(civil rights action filed improperly under §2241); *Banks v. U.S. Marshal,* No. 4:13 CV 490 (N.D. Ohio June 19, 2013)(§1915(e)); *Banks v. An Unknown Named Number of Federal Judges and United States Covert Government Agents*, No. 1:13 CV 1763 (N.D. Ohio Oct. 10, 2013)(§1915(e)).

 Middle District of Pennsylvania: *Banks v. Nicklin*, No. 1:06 CV 1396 (M.D. Pa Sept. 26, 2007)(dismissed as frivolous); *Banks v. Multi-Million Dollar Mistakes of Julie Nicklin*, No. 1:06 CV 1549 (M.D. Pa. Sept. 20, 2007)(dismissed as frivolous); *Banks v. Dove*, No. 1:06 CV 2289 (M.D. Pa. Jan. 16, 2007)(§ 1915(e)); *Banks v. Green*, No. 1:07 CV 21 (M.D. Pa. Dec. 11, 2007)(§1915(e)); *Banks v. Allen*, No. 1:07 CV 22 (M.D. Pa. Nov. 29, 2007)(§1915(e)); *Banks v. Crockett*, No. 1:07 CV 1019 (M.D. Pa. June 7, 2007)(§ 1915(g)); *Banks v. United States Attorney*, No. 1:08 CV 1394 (M.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Williams*, No. 1:10 CV 675 (M.D. Pa. Apr. 14, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 1:10 CV 1103 (M.D. Pa.

May 26, 2010)(§ 1915(g)); *Banks v. Guffy*, No. 1:10 CV 2130 (M.D. Pa. Jan. 10, 2012)(§1915(e) and § 1915(g)); *Banks v. Equitable Gas Co.*, No. 1:11 CV 511 (M.D. Pa. May 31, 2011)(§ 1915(e)); *Banks v. Warden*, No. 1:11 CV 668 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); *Banks v. Whitaker*, No. 1:11 CV 669 (M.D. Pa. Apr. 19, 2011)(§ 1915(g)); *Banks v. Sager, No.* 1:11 CV 741 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); and *Banks v. CIA*, No. 13 CV 2664 (M.D. Pa. Dec. 2013)(§1915(e)).  In addition, Banks filed 38 cases which were transferred to other District Courts.

Western District of Pennsylvania: *Banks v.* Hull, No. 2:04 CV 1771(W.D. Pa. July 3, 2007)(§ 1915(e) and §1915(g)); *Banks v. Nordtvedt*, No. 2:05 CV 607 (W.D. Pa. Feb. 28, 2006)(§1915(e)); *Banks v. Cty of Allegheny, Pa.*, No 2:05 CV 781 (W.D. Pa. June 30, 2008)(§1915(e)); *Banks v. Hayward*, No. 2:06 CV 509 (W.D. Pa. May 30, 2006)(§1915(e)); *Banks v. Aramark  Correctional Services*, No. 2:06 CV 1424 (W.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Hayward*, No. 2:06 CV 1572 (W.D. Pa. Jan. 10, 2007)(§1915(e)); *Banks v. Pittsburgh Tribune Review*, No. 2:07 CV 336 (W.D. Pa. May 4, 2007)(§ 1915(e)); *Banks v. Buchanan*, No. 2:08 CV 1209 (W.D. Pa. Nov. 21, 2008)(§1915(e)); *Banks. v. United States*, No. 2:09 CV 676 (W.D. Pa. July 14, 2009)(§ 2255 habeas petition dismissed because it was a civil rights action inappropriately filed in criminal action);  *Banks v. Commonwealth of Pennsylvania*, No. 2:09 CV 1437 (W.D. Pa. Feb. 11, 2010)(§1915A); *Banks v. U.S. Attorney's Office for the Western District of Pennsylvania*, No. 2:11 CV 626 (W.D. Pa. Dec. 22, 2011)(§1915(e)); *Banks v. T. Blumm*, No. 2:11 CV 640 (W.D. Pa. May 19, 2011)(§ 1915(g)); *Banks v. Balland*, No. 2:13 CV 58 (W.D. Pa. May 8, 2013)(§1915(g)); *Banks v. Renewal, Inc.,* No. 2:13 CV 129 (W.D. Pa. Mar. 11, 2013)(§1915(g));  *Banks v. Sproat*, 2:13 CV 922 (W.D. Pa. July 19, 2013)(mandamus dismissed under § 1915(g)); *Banks v. United Safety Service*, No. 2:13 CV 1198 (W.D. Pa. Nov. 6, 2013)(§ 1915(g)); *Banks v. Ben*, No. 2:13 CV 1582 (W.D. Pa. Nov. 5, 2013)(§ 1915(g)); *Banks v. United States*, No. 2:13 CV 1615 (W.D. Pa. Nov. 13, 2013)(§ 1915(g)); *Banks v. Realty Counseling Co.*, No. 2:13 CV 1025 (W.D. Pa. Aug. 20, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1151 (W.D. Pa. Nov. 13, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1152 (W.D. Pa. Oct. 28, 2013)(§ 1915(e)); *Banks v. United States Probation Dep't for the Western District of Pennsylvania*, No. 2:13 CV 1199 (W.D. Pa. Sept, 19, 2013)(§ 1915(e)); *Banks v. Duquesne Light Co.*, No. 2:13 CV 1350 (W.D. Pa. Nov. 14, 2013)(§ 1915(e)); *Banks v. Machesky*, No. 2:13 CV 781 (W.D. Pa. Nov. 6, 2013)(§ 1915(e)); *Banks v. Southside Salvation Army Halfway House and Store/Warehouse*, No. 2:13 CV 939 (W.D. Pa. Sept. 16, 2013)(§ 1915(e)); *see also Banks v. Moore*, No.2:05-cv-00261 (W.D. Pa Mar. 2, 2006) (civil action filed as bankruptcy appeal); *Banks v. Berger*, No. 2:05-cv-00594 (W.D. Pa. Feb. 28, 2006) (civil action filed as bankruptcy appeal); *Banks v. Herbert*, No. 2:05-cv-00595 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Byrd*, No. 2:05-cv-00596  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Wells*, No. 2:05-cv-00597  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Monkey Karaoke*, No. 2:05-cv-00598 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Bank v. Russell*, No. 2:05-cv-00599-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Davis,* No. 2:05-cv-00600-JFC   (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nathan Angelus Software,* No. 2:05-cv-00601 (W. D. Pa. Feb. 28, 2006)(civil action filed as

bankruptcy appeal); *Banks v. County of Allegheny*, No. 2:05-cv-00602-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Hentosh*, No. 2:05-cv-00603-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. American Express*, No. 2:05-cv-00604-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Action Software*, No. 2:05-cv-00605-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. 101 Distribution*, No. 2:05-cv-00606 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nordtvedt*, No. 2:05-cv-00607-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Rabin*, No. 2:05-cv-00608 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Hickman*, No. 2:05-cv-00609 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Pinkas*, No. 2:05-cv-00610-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Taylor*, No. 2:05-cv-00611-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. LaBella*, No. 2:05-cv-00612-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Calabrese*, No. 2:05-cv-00613-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Fox*, No. 2:05-cv-00614 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Freund* , No. 2:05-cv-00615-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. DKT*, No. 2:05-cv-00616-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Bank One, N.A.*, No. 2:05-cv-00617-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Moore*, No. 2:05-cv-01064-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *In Re Banks*, 2:05-cv-01128-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal).

District of Massachusetts: *Banks v. Sutherland*, No. 1:08 CV 10880 (D. Mass. May 28, 2008)(§ 1915(g)).

District of New Jersey; *Banks v. Tabatchnick Fine Foods*, No. 3:07 CV 4889 (D. N.J. Oct. 18, 2007)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 1:11 CV 1449 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1668 (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1753 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Wagner*, No. 1:11 CV 2854, (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Director*, No. 1:11 CV 2876 (D. N.J. Feb 10, 2012)(§ 1915(g)); *Banks. v. FCI Fort Dix Food Services*, No. 1:11 CV 3446 (D. N.J. June 27, 2011)(§ 1915(g)); *Banks v. Sutherland*, 1:11 CV 4951, (D. N.J. Sept. 6, 2011)(§ 1915(g)); *Banks v. Lofton*, No. 1:11 CV 5221 (D. N.J. Dec. 30, 2011)(§ 1915(g)).

Eastern District of North Carolina: *Banks v. Waiters*, No. 5:06 CV 491 (EDNC June 7, 2007)(§1915(e)); *Banks v. Stansberry*, No. 5:06 HC 2153 (EDNC Nov. 13, 2006)(civil rights action filed under § 2241 dismissed as frivolous) *Banks v. Stansberry*, No. 5:07 HC 2023 (EDNC Apr. 2, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Stansberry*, No. 5:07 HC 2011 (EDNC Apr. 5, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. United States Attorney*, No. 5:08 HC 2117 (EDNC Dec. 31, 2008)(mandamus dismissed under §1915(e)).

District of Columbia District: *Banks v. President United States*, No. 1:06 CV 1868

(DDC Nov. 1, 2006)(§ 1915(e)); *Banks v. One Hundred or More Unknown Named Federal Agents*, No. 1:06 CV 2066 (DDC Dec. 4, 2006)(civil rights action filed under § 2241 and dismissed)*; Banks v. Moran*, 1:07 CV 466 (DDC Mar. 19, 2007)(§ 1915(e)); *Banks v. Federal Bureau of Prisons*, No. 1:08 CV 18 (DDC July 25, 2008)(§ 1915(g)); *Banks v. Lappin*, No. 1:08 CV 152 (DDC Sept. 4, 2008)(§ 1915(g)); *Banks v. Lawson*, No. 1:08 MC 277 (DDC May 27, 2008)(§ 1915(g)).

Western District of Oklahoma: *Banks v. United States Marshal Serv.*, No. 5:07 CV 229 (W.D. Okla. Aug. 1, 2007)(§ 1915A); *Banks v. Partyka*, No. 5:07 CV 331 (W.D. Okla. Sept. 11, 2007)(§1915(e)); *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 151 (W.D. Okla. July 13, 2011)(civil rights action filed under § 2241);  *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 201 (W.D. Okla. Mar. 5, 2012)(civil rights action filed under § 2241).

Eastern District of Arkansas: *Banks v. Bureau of Indian Affairs*, No. 2:11 CV 191 (ED Ark. July 10, 2012)(§ 1915(e) and § 1915(g)); *Banks v. Aviant*, No. 2:12 CV 69 (E.D. Ark. June 15, 2012)(§ 1915(g)); *Banks v. Outlaw*, No. 2:12 CV 94 (E.D. Ark June 14, 2012)(§ 1915(g)); *Banks v. Jones*, No. 2:12 CV 128 (E.D. Ark. July 16, 2013)(§ 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 137 (E.D. Ark. Aug. 20, 2012)(§ 1915(g)); *Banks v. Fenner*, No. 2:12 CV 138 (E.D. Ark. July 18, 2012)(§ 1915(g)); *Banks v. Warden*, No. 2:12 CV 139 (E.D. Ark. July 19, 2012)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 150 (E.D. Ark. Mar. 25, 2013)(§1915(e)); *Banks v. Johnson*, No. 2:12 CV 177 (E.D. Ark. Sept. 19, 2012)(§ 1915(g)); *Banks v. Clinton*, No. 4:12 CV 183 (E.D. Ark. Mar. 28, 2012)(§ 1915(g)); *Banks v. Hanks*, No. 2:12 CV 221 (E.D. Ark. Jan. 31, 2013)(§ 1915(g)); *Banks v. Pugh*. No. 2:13 CV 30 (E.D. Ark. Apr. 1, 2013)(§ 1915(g)); *Banks v. Forest City*, No. 2:13 CV 38 (E.D. Ark. Apr. 25, 2013)(§ 1915(e)); *Banks v. Halke*, No. 2:13 CV 60 (E.D. Ark. June 14, 2013)(§ 1915(g)); *Banks v. Does*, No. 2:13 CV 64 (E.D. Ark. May 29, 2013)(§1915(g)); *Banks v. Roberts*, No. 2:13 CV 70 (E.D. Ark. July 2, 2013)(§ 1915(g)); *Banks v. Haynes*, No. 2:13 CV 82 (E.D. Ark. July 8, 2013)(§1915(e)); *Banks v. Thompson*, No. 4:13 CV 382 (E.D. Ark. July 3, 2013)(§ 1915(g)); *Banks v. Davenport*, No. 4:13 CV 412 (E.D. Ark. Aug. 27, 2013)(denied ifp in district court and on appeal under § 1915(g)); *Banks v. Antitrust Div.*, No. 4:13 CV 455 (E.D. Ark. Aug. 12, 2013)(§ 1915(g) dismissal and enjoined); *Banks v. Davenport*, No. 4:13 CV 480 (E.D. Ark. Aug. 22, 2013)(§ 1915(e)); *Banks v. Davenport*, No. 4:13 CV 481 (E.D. Ark. Oct. 10, 2013)(§ 1915(e)); *Banks v. Samuels*, No. 4:13 CV 482 (E.D. Ark. Aug. 22, 2013)(§1915(e)).

Eastern District of Missouri: *Banks. v. United States Attorney*, No. 1:08 CV 58 (ED Mo. May 12, 2008)(dismissed § 1915(e), denied ifp on appeal § 1915(g)).

Southern District of Mississippi: *Banks v. Reese*, No. 5:07 CV 117 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Holt*, No. 5:07 CV 161 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Reese*, No. 5:07 CV 172 (S.D. Miss. Nov. 14, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Duckworth*, No. 5:07 CV 214 (S.D. Miss. Mar. 14, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:07 CV 226 (S.D. Miss. May 2, 2008)(§ 1915(g)); *Banks v. Dalton*, No. 5:07 CV 183 (S.D. Miss Nov. 16, 2007)(dismissed as civil rights action filed as a §

2241 petition); *Banks v. Wright*, No. 5:07 CV 193 (S.D. Miss. Nov. 13, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:07 CV 34 (May 4, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:08 CV 12 (S.D. Miss. Jan. 30, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:08 CV 153 (S.D. Miss. July 10, 2009)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Sutherland*, No. 5:08 CV 222 (S.D. Miss Oct. 27, 2008)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 233 (S.D. Miss. Nov. 7, 2008)(§ 1915(g));  *Banks v. Pearson*, No. 5:08 CV 248 (S.D. Miss. Oct. 24, 2008)(§ 1915(g)); *Banks v. United States Attorney*, No. 5:08 CV 255 (S.D. Miss Dec. 22, 2008)(§ 1915(g)); *Banks v. Bradshaw*, No. 5:08 CV 261 (S.D. Miss. Sept. 5, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:08 CV 271 (S.D. Miss. Feb. 23, 2009)(§1915(g)); *Banks v. Bradshaw*, No. 5:08 CV 276 (S.D. Miss. Feb. 25, 2009)(§ 1915(g)); *Banks v. Postmaster, Yazoo City*, No. 5:08 CV 281 (S.D. Miss. Feb. 23 2009)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 313 (S.D. Miss. Jan. 22, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous under § 1915(e)); *Banks v. Hunt,* No. 5:08 CV 318 (S.D. Miss. Jan. 29, 2009)(civil rights action filed as a §2241 petition); *Banks v. Pearson*, No. 5:08 CV 339 (S.D. Miss. Jan. 22, 2009)(mandamus dismissed as frivolous); *Banks v. Luton*, No. 5:08 CV 340 (S.D. Miss. Jan. 22, 2009)(civil rights action filed under § 2241 dismissed.  Court states Banks is attempting to avoid § 1915(g) by filing § 2241 petition); *Banks v. Hunt*, No. 5:09 CV 65 (S.D. Miss. May 12, 2009)(civil rights action filed under §2241); *Banks v. Hunt*, No. 5:09 CV 71 (S.D. Miss. May 12, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 74 (S.D. Miss. Aug. 6, 2009)(mandamus dismissed as frivolous); *Banks v. United States*, No. 5:09 CV 77 (S.D. Miss. May 15, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 78 (S.D. Miss.  May 18, 2009)(§1915(g)); *Banks v. Edwards*, No. 5:09 CV 79 (S.D. Miss. May 18, 2009)(§1915(g));  *Banks v. Foster*, No. 5:09 CV 83 (S.D. Miss. May 21, 2009)(§1915(g)); *Banks v. John Does*, No. 5:09 CV 114 (S.D. Miss. Oct. 13, 2009)(failure to comply with court's orders); *Banks v. Pearson*, No. 5:09 CV 155 (S.D. Miss. Sept. 9, 2010)(civil rights actions filed as a § 2241 petition); *Banks v. Obama*, No. 5:09 CV 158 (S.D. Miss. Oct. 21, 2009)(civil rights action field as a § 2241 petition dismissed as frivolous); *Banks v. Allen*, NO. 5:09 CV 169 (S.D. Miss. Oct. 23, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 173 (S.D. Miss. Oct. 21, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 174 (S.D. Miss. Oct. 21, 2009)(§ 1915(g));*Banks v. Chisolm*, No. 5:09 CV 181 (S.D. Miss. Nov. 10, 2009)(§1915(g)); *Banks v. Everett*, 5:09 CV 183 (S.D. Miss. Nov. 19, 2009)(§2241 petition dismissed as frivolous); *Banks v. Everett*, 5:09 CV 194 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under § 2241 dismissed); *Banks v. Chisolm*, No. 5:09 CV 198 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under §2241 dismissed as frivolous); *Banks v. Fiber*, No. 5:09 CV 201 (S.D. Miss. Dec. 4, 2009)(§1915(g)); *Banks v. Check*, No. 5:09 CV 211 (S.D. Miss. Mar. 4, 2010)(civil rights action filed as § 2241 found to be duplicative of Case No. 5:09 CV 132, and dismissed as frivolous); *Banks v. Unknown Richard*, No. 5:09 CV 212 (S.D. Miss. Jan. 7, 2010)(§1915(g)); *Banks v. Holsten*, No. 5:10 CV 008 (S.D. Miss. Feb. 8, 2010)(civil rights action filed under § 2241 dismissed as frivolous.  Banks warned against filing inappropriate §2241 petitions); *Banks v. Blow*, No. 5:10 CV 10 (S.D. Miss. Nov. 28, 2012)(civil rights action filed as a §2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:10 CV 22 (S.D. Miss. Nov. 28, 2012)(same); *Banks v. Blow*, No. 5:10 CV 23 (S.D. Miss. Mar. 10, 2010)(§1915(g)); *Banks v. Roberts*, No. 5:10 CV 39 (S.D. Miss. May 11, 2010)(§ 1915(g)); *Banks v. Williams*,

No. 5:10 CV 41 (S.D. Miss. Apr. 30, 2010)(§ 1915(g)); *Banks v. Burch*, No. 5:10 CV 46 (S.D. Miss. Mar. 31, 2010)(§1915(g)); *Banks v. Langford*, No. 5:10 CV 53 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 56 (S.D. Miss. May 7, 2010)(§1915(g)); *Banks v/ Federal Bureau of Prisons*, No. 5:10 CV 58 (S.D. Miss. Apr. 30, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 59 (S.D. Miss. May 7, 2010)(§ 1915(g)); *Banks v. Barnes*, No. 5:10 CV 60 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Burch,* No. 5:10 CV 61 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Everett*, No. 5:10 CV 62 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Lott*, No. 5:10 CV 78 (S.D. Miss. May 7, 2010)(§1915(g)); *Banks v. Love*, No. 5:10 CV 83 (S.D. Miss. May 12, 2010)(§ 1915(g)); *Banks v. Langford*, No. 5:10 CV 88 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pitts*, No. 5:10 CV 91 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 5:10 CV 93 (S.D. Miss. June 2, 2010)(§1915(g)); *Banks v. Pearson*, No. 5:10 CV 94 (S.D. Miss. June 1, 2010)(§1915(g)); *Thomas et al. v. 2255 Haley Barbour Parkway*, No. 5:10 CV 108 (S.D. Miss. Mar. 23, 2011)(court determined Banks was attempting to avoid §1915(g) by filing with other plaintiffs. Court separated the cases and dismissed Banks under § 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 5:10 CV 109 (S.D. Miss. Sept. 9, 2010)(civil rights case filed as a § 2241 petition dismissed with prejudice as frivolous); *Banks v. Sessions*, No. 5:10 CV 141 (S.D. Miss. Dec. 22, 2011)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Secretary of the Interior*, No. 5:10 CV 157 (S.D. Miss. Oct. 22, 2010)(§1915(g)); *Banks v. Secretary of the Interior*, No. 5:10 CV 164 (S.D. Miss. Nov. 2, 2010)(§1915(g)); *Banks v. United States*, No. 5:11 CV 32 (S.D. Miss. Mar. 4, 2011)(§1915(g))*; Banks v. 2255 Haley Barbour Parkway*, No. 5:11 CV 48 (S.D. Miss. Mar. 31, 2011)(§1915(g)).

<u>District of Alaska</u>: *Banks v. Sutherland*, No. 3:08 CV 126 (D. Alaska June 11, 2008)(transferred to the Southern District of Mississippi. No connection to Alaska.)

<u>District of Arizona</u>: *Banks v. Hardy*, No. 4:11 CV 004 (D. Ariz. Jan. 25, 2011)(§1915(e) in district court; ifp denied on appeal under §1915(g)); *Banks v. Brown*, No. 4:11 CV 16 (D. Ariz. Jan. 25, 2011)(§1915(g)); *Banks v. Graber*, No. 4:11 CV 25 (D. Ariz. Mar. 25, 2011)(§ 1915(g) and §1915(e)); *Banks v. Unknown Party*, No. 4:11 CV 31 (D. Ariz. Feb. 1, 2011)(§1915(g)); *Banks v. Arnold*, No. 4:11 CV 79 (D. Ariz. Mar. 24, 2011)(§ 1915(g)); *Banks v. Smith*, No. 2:11 CV 298 (D. Ariz. Feb. 18, 2011)(§1915(e)).

<u>District of Colorado</u>: *Banks v.Vio Software*, No. 1:07 CV 587 (D. Colo. July 10, 2007)(§1915(e)).

<u>Southern District of New York</u>: *Banks v. Toobin,* No. 1:10 CV 1857 (SDNY Mar. 10, 2010) (§1915(e)).

<u>District of Utah</u>: *Banks v. Jackson*, No. 2:13 CV 930 (D. Utah May 20, 2015) and *Banks v. National Security Agency*, No. 2:13 CV 931 (D. Utah Apr. 22, 2015).

In addition, Banks attempted to enter an appearance to represent other inmates in two separate criminal actions in Florida. In *United States* v. *Jadusingh*, No. 6:05 cr 9 (MD. Fla.), Banks filed a Motion to Modify Sentence on behalf of Jadusingh and a Motion to Appear Ad

Hoc Vice.  Because he was not an attorney and was himself a prisoner, the documents were stricken.  Similarly, in *United States v. Smith*, No. 0:91 cr 6159 (S.D. Fla. Apr. 14, 2008), Banks filed a Motion to appear Ad Hoc Vice  seeking to represent the Defendant.  The request was stricken because Banks is not an attorney, is himself incarcerated, and filed the document without the consent of the Defendant who did not want his services.